2007 WY 150

**Patrick Vale SMITH, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 06–193.

Supreme Court of Wyoming.

Sept. 19, 2007.

Representing Appellant: D. Terry Rogers, Interim State Public Defender; Donna D. Domonkos, Appellate Counsel; and David E. Westling, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Robin Sessions Cooley, Deputy Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] Appellant, Patrick Vale Smith, claims reversible error occurred when a prosecutor, who Appellant claims represented him when he was charged with driving without insurance ten years earlier, argued for the State at his sentencing for various drug charges. We affirm.

**ISSUE**

[¶ 2] Is there reversible error where Appellant claims that one of the prosecutors, who argued at his sentencing for various drug charges, represented Appellant nearly ten years earlier when he was charged with driving without insurance, where Appellant did not object to the prosecutor's appearance at sentencing and where the only evidence of the earlier representation is a single document attached to Appellant's brief and not included in the official record?

## FACTS

[¶ 3]   Appellant pled guilty to possession with intent to deliver methamphetamine, in violation of Wyo. Stat. Ann. § 35–7–1031(a)(i) (LexisNexis 2007), and to possession of marijuana, in violation of Wyo. Stat. Ann. § 35–7–1031(c)(ii) (LexisNexis 2007).   Two different prosecutors handled the case in chief and argument at sentencing.   Appellant takes exception to the prosecutor who argued his sentencing, claiming that the prosecutor should not have been allowed to participate in Appellant's prosecution because he represented Appellant on a charge of driving without insurance nearly ten years ago.   Appellant did not object at sentencing.   No proof related to this allegation appears in the designated record.   Appellant relies solely on one document appended to his brief to support his argument on appeal.

## STANDARD OF REVIEW

[¶ 4]   We will analyze Appellant's claim under plain error because Appellant failed to object to the alleged error at trial. *Blumhagen v. State,* 11 P.3d 889, 894 (Wyo. 2000).   Appellant must prove three things to meet the standard for reversible plain error. *Id.* First, he must demonstrate that the record clearly presents the incident alleged to be error. *Id.* Second, he must show that a clear and unequivocal rule of law was violated in a clear and obvious way. *Id.* Third and last, Appellant must prove that he was denied a substantial right resulting in material prejudice. *Id.*

## DISCUSSION

[¶ 5]   Here, Appellant cannot meet even the first requirement of the plain error analysis.   There is absolutely no evidence in the record of the error that forms the basis of this appeal.   Appellant has attached an uncertified document to his brief that purports to show that an attorney-client relationship existed between himself and the prosecutor he alleges represented him.

[¶ 6]   "An appellant bears the burden of bringing to the reviewing court a sufficient record on which to base its decision, and he cannot supplement the appellate record by attaching documents to his brief." *In re Adoption of ADA,* 2006 WY 49, ¶ 10 n.1, 132 P.3d 196, 201 n.1 (Wyo.2006) (citations omitted).   We will, therefore, not consider the document attached to Appellant's brief in this case.   As no evidence pertaining to this error appears in the record, Appellant's argument is utterly unsupported by competent evidence.

## CONCLUSION

[¶ 7]   Appellant's argument that he had a previous attorney-client relationship with the prosecutor, and that therefore the prosecutor should have been barred from arguing at his sentencing, is not supported by the record. We therefore affirm Appellant's conviction.